# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DOURIAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> STRYKER, a business entity, form unknown, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. CV 12-01790-DSF-CWx <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> [DISCOVERY MATTER] |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 79-5, the Court hereby enters the following Protective Order:

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms set out below, this Order shall remain in effect through the conclusion of this litigation.

In support of this Order, the Court finds that:

1.  Documents or information containing or consisting of confidential proprietary and business information and/or trade secrets ("Confidential

Information") that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage; and

3. To protect the respective interests of the parties and to facilitate the process of disclosure and discovery in this case, the following Order should issue.

**IT IS THEREFORE ORDERED THAT:**

**Designation of Certain Discovery Material as "Confidential"**

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation, and any non-party from whom discovery is sought in connection with this action, are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "CONFIDENTIAL" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2. Protected Documents, without limitation, shall not include: (a) publicly disseminated advertising materials; (b) materials that have been published to the general public; or (c) documents that have been submitted to any governmental entity without request for confidential treatment or that otherwise do not qualify for confidential treatment under applicable governmental laws or regulations.

A. A party may designate as "CONFIDENTIAL" those materials which the producing party in good faith believes constitute Confidential Information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if

disclosed, would require such third parties to maintain in confidence. Protected Documents in one or more of the following categories shall qualify for designation as "CONFIDENTIAL": (i) information that constitutes, reflects or discloses a "trade secret" as that term is defined in California Civil Code section 3426.1 or other confidential research, development, or commercial information within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure the disclosure of which the disclosing party reasonably believes could cause harm to the business operations of the disclosing party or provide an improper business or commercial advantage to others, (ii) information that is protected by a right of privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (iii) non-public financial information.

  B. Protected Documents designated as "CONFIDENTIAL" should be so identified at the time of service of such Protected Documents by stamping or marking each "CONFIDENTIAL" or other similar designation.

    **Challenge to Designation/No Obligation to Challenge**

  3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the confidential designation of one or more Protected Documents by providing written notice to counsel for the party disclosing or producing the Protected Documents identifying the challenged documents and the grounds for the challenge. If, after conferring, the parties cannot reach agreement concerning the matter, then the parties shall seek judicial intervention via Local Rule 37. On any such motion, the burden of proof shall lie with the producing party to establish that the information is, in fact, properly designated as "CONFIDENTIAL." Until the dispute is resolved, the material designated as "Confidential" shall remain as confidential discovery material pursuant to this order.

    **Access to Protected Documents**

  4. All Protected Documents and any information contained therein shall

not be used or shown, disseminated, or in any way communicated to anyone for any purpose, except for use in this litigation.

5. Subject to the limitations set forth in this Order, Protected Documents and any information contained therein that have been designated as "CONFIDENTIAL" shall be disclosed only to the following persons:

A. Outside counsel of record in this action and their employees;

B. The Court, including clerks, other Court personnel, and jury members;

C. Independent experts or consultants retained to provide advice to counsel in connection with this action, provided they agree to maintain the confidentiality of documents pursuant to this Protective Order by signing the Agreement attached hereto as Exhibit "A";

D. Outside vendors, including e-discovery, graphics, animation, translation, and jury consultant vendors (but not including mock jurors), assigned to and necessary to assist such counsel in the preparation and trial of this action, provided such they agree to maintain the confidentiality of documents pursuant to this Protective Order by signing the Agreement attached hereto as Exhibit "A";

E. Any court reporter (other than "Court personnel" referenced in 5.B., above) or videographer present in his or her official capacity at any hearing, deposition, or other proceeding in this action;

F. Any person who is identified as an author or recipient, including receipt by copy, of any document, information therein or tangible medium, but only with respect to the specific document, information therein, or tangible medium; and

G. Witnesses for the party producing the document, who have access in the course of their employment to the document, and who are being examined on the subject of the document.

**Limited Access By Certain Deposition Witnesses**

6. Protected Documents designated "CONFIDENTIAL" may be disclosed to a witness not already allowed access to such information under this

Order only if counsel for the party designating the material as "CONFIDENTIAL" agrees in writing or on the record, before disclosure, that the material may be disclosed to the witness. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Use of Protected Documents at Depositions**

7. To the extent that Protected Documents or information contained therein are used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony referring to the Protected Documents or information contained therein. Any deposition transcript, in whole or in part, may be designated "CONFIDENTIAL" by an appropriate statement at the time such testimony is given, whereupon the reporter shall separately bind the designated portions and mark the original and all copies of those portions of the transcript as designated.

8. If a party fails to designate any portion of a deposition as "CONFIDENTIAL" at the time the deposition is taken, that party may, no later than thirty (30) days following receipt of the deposition transcript, designate all or any portion of the transcript as protected by notifying all other parties in writing of the portions of the transcript to be so designated. Upon such designation, the party receiving the written notice shall treat the deposition testimony per the designation under this Protective Order.

Any use of the testimony or submission of such testimony to the Court prior to the late designation need not be retracted. Nothing in this paragraph shall prevent the receiving party from objecting to the designation, following the procedures and burdens of proof otherwise set forth herein for objecting to confidentiality designations.

**Related Material**

9. The restrictions on the use of Protected Documents established by this Protective Order shall extend to all copies, extracts and complete or partial

summaries prepared from such Protected Documents.

**Filing of Information Under Seal for Use At Hearing Or Trial**

10. Any party desiring to file under seal any pleadings or other documents containing the "CONFIDENTIAL" information of any party for use in connection with a hearing or trial shall seek prior approval of the Court pursuant to Local Rule 79-5 by presenting to the Court a written application and a proposed order, along with the document or documents submitted for filing under seal.

**Subpoenas or Court Orders to Compel Disclosure of Protected Documents**

11. If a receiving party is served with a subpoena or court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL," the receiving party must notify the designating party in writing (by fax or email) promptly as soon as reasonably possible and in any event, before any compliance under such subpoena or court order is requested or required.  Such notification must include a copy of the subpoena or order.  The designating party shall bear the burdens and the expenses of seeking protection of its designated material.

**Inadvertent Failure to Designate**

12. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a subsequent claim for confidential treatment.  However, nothing in this Order shall prevent the receiving party from challenging the propriety of the late designation under the provisions of paragraph 3, above.

**Inadvertent Disclosure of Privileged Materials**

13. The inadvertent or unintentional production or disclosure of documents (including physical objects) or information protected under the attorney-client privilege, the work product doctrine or any other applicable

privilege or immunity shall not operate as a waiver of the applicable privilege or immunity provided, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity and requests return of such documents to the producing party.  Upon request by the producing party, the receiving party shall immediately return such inadvertently produced document(s), certify in writing that all copies of such documents have been destroyed, and destroy any work product based on or incorporating the content of such material.  If the receiving party contests the privilege or immunity designation by the producing party, the receiving party shall give the producing party written notice of the reason for the disagreement.  The parties shall seek judicial intervention via Local Rule 37.  If the receiving party fails to file such a motion within the required period, then the receiving party waives any right to move to compel the subject material.

**No Effect on Federal Rules of Civil Procedure**

14. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

**Termination and Disposition Upon Conclusion**

15. The provisions of this Protective Order may not be modified, waived, or terminated except by the written stipulation of counsel or order of the Court. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

16. Within forty (40) calendar days following the termination of this action, including any appeals, all Protected Documents shall be returned to the producing party. Counsel of record shall make certification of compliance that all "Confidential" and "Trade Secret" information was returned to producing party not more than 40 days after final conclusion of this litigation. For purposes of this Order, final conclusion shall be taken as the date on which a stipulated dismissal is filed or a final, non-appealable order disposing of this lawsuit is entered.

**Others Bound By Order**

17. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**Third Parties**

18. This protective order shall afford all third parties who produce any Protected Documents, either voluntarily or pursuant to legal process, the same protections afforded to the parties to this action. The parties shall treat such Protected Documents or other information in accordance with the terms of this Order. To the extent applicable, the remaining provisions of this protective order shall apply to third parties. However, a third party's use of this protective order to protect its confidential documents or information does not entitle that third party access to Protected Documents or information produced by a party in this case. A copy of this Protective Order shall be served along with any subpoena served on any third party in connection with this action.

Dated: September 25, 2012

_____
U.S. Magistrate Judge

Submitted by:

DATED: September 19, 2012          SEDGWICK LLP


                                   By: */s/ James Nelson*
                                        Mario Horwitz
                                        James Nelson
                                        Attorneys for Defendants

DATED: September __, 2012          LAW OFFICES OF MARC APPELL


                                   By: _____
                                        Marc Appell
                                        Attorneys for Plaintiff

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DOURIAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STRYKER, a business entity, form unknown, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV 12-01790-DSF-CWx |

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I am about to receive Protected Documents and information as defined in the Stipulated Protective Order agreed to by the parties and entered by the Court in this case. I acknowledge also that the Protected Documents and information are being provided to me pursuant to the terns and restrictions of the Stipulated Protective Order, that I have been given a copy of the order, that I have read it and that I understand my obligations under it.

I hereby agree to be bound by the terms of the Stipulated Protective Order and to treat all Protected Documents and information, including any copies or

notes relating thereto, in accordance with the terms of the Stipulated Protective Order and to disclose those materials to, or discuss with the content of those materials with, only those persons permitted by the Stipulated Protective Order to receive such material.

I further agree to return on request all materials containing Protected Documents and information, copies thereof, and notes that I have prepared relating thereto, to outside counsel for the party by whom, or on whose behalf, I have been am retained.

I hereby submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcement of the Stipulated Protective Order and, solely for that purpose, I waive any and all objections to jurisdiction and venue in that court.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct and that this agreement was executed by my hand on _____ at _____.

_____
Signature

_____
Printed Name

_____
Company Name

_____
Address